UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mahaffey, ) | C/A No. 3:06-3557-SB-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Sumter County Public Defender's Corp.; ) | |
| Sumter County Solicitor's Office; ) | |
| Cathern Fant, Asst. Solicitor; ) | |
| Sumter Lee Regional Detention Center; and ) | |
| Sumter County, ) | **Report and Recommendation** |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, Michael Mahaffey (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at the Sumter Lee Regional Detention Center (SLRDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests monetary damages, names as Defendants the SLRDC, Sumter County, Sumter County Public Defender's Corp., Sumter County Solicitor's Office and Cathern Fant, Asst. Solicitor. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

2

Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff, who was arrested and detained on December 3, 2004, claims that Defendant Sumter County Public Defender's Corp. has failed to adequately represent him. Plaintiff states that he has had at least three different attorneys since his detention and complains that all refuse to correspond with clients, render legal aid or materials, truthfully answer legal questions, prepare cases for trial, and/or file legal motions. Plaintiff appears especially concerned with his attorneys' failure to timely file a "speedy trial" motion or obtain a significant bond reduction.

Plaintiff fails to include any specific factual allegations against Defendant Cathern Fant, Assistant Solicitor. However, Plaintiff does allege that Defendant Sumter County Solicitor's Office "keep[s] cases out of court", for the purpose of securing guilty pleas. Plaintiff claims Defendant Sumter County is liable for failing to provide adequate counsel. Plaintiff further appears to blame Sumter County for the Court's refusal to grant a "speedy trial" and the setting of an "excessive" bond. Defendant SLRDC is named for opening Plaintiff's legal mail, prior to delivery. Plaintiff also alludes to "harrassment" from a SLRDC guard who allegedly planted contraband in Plaintiff's sleeping area.

## Discussion

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Department of Social Services*, 436 U.S. 658, 691

3

(1978). It is well settled that only "persons" may act under color of state law, therefore, a Defendant in a § 1983 action must qualify as a "person." The SLRDC is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the SLRDC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds, Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Since the SLRDC is not a proper Defendant in this § 1983 action, it is entitled to summary dismissal.

The Sumter County Public Defender's Corp. is also entitled to dismissal from the case. As previously stated, a § 1983 Plaintiff must allege that: *(1)* the Defendants deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender)*; Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney). The actions, or lack thereof, alleged in Plaintiff's Complaint (filing motions, answering legal questions, preparing cases) are all traditional functions undertaken by attorneys. Thus, the

4

Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal.

In regards to Defendant Cathern Fant, Assistant Solicitor, Plaintiff fails to allege any facts to support a claim against this Defendant.  In any event, Defendant Cathern Fant has absolute immunity insofar as her prosecutorial actions in the Plaintiff's criminal case are concerned.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976).  Solicitors are elected by voters of a judicial circuit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Any possible claims the Defendant may be attempting to raise regarding Defendant Cathern Fant's prosecution of his criminal case are barred from suit under § 1983.  Therefore, Defendant Cathern Fant should be dismissed from Plaintiff's case.

Defendant Sumter County Solicitor's Office is likewise immune from suit under § 1983. Established pursuant to the Constitution of the State of South Carolina,[2] the Sumter County Solicitor's Office is protected by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of

---

[2] S.C. CONST. art. V, § 24, which provides, "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof. . ."

South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)(invalidating Congressional attempt, under Indian Commerce Clause, to abrogate States' Eleventh Amendment immunity); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court.[3] Thus, Defendant Sumter County Solicitor's Office is immune from suit and entitled to summary dismissal.

Finally, to the extent Plaintiff is attempting to state a cause of action under 42 U.S.C. § 1983 against Defendant Sumter County, his claim must fail. Municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North*

---

[3] S.C. Code Ann. § 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

*Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff fails to identify a policy or custom of Sumter County which caused his federal rights to be violated, thus he fails to state a claim against this Defendant.

Since Plaintiff has filed suit against Defendants that are not subject to suit under § 1983, or fails to state a claim against the Defendant that could be liable., the Complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

## Recommendation

Accordingly, it is re commended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

                                        Respectfully Submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

March 16, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).