IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 OCT -9 A 11: 24

Michael Mahaffey,           )
                            )
         Plaintiff,         )
                            )    Civil Action No. 3:06-3557-SB
v.                          )
                            )    **ORDER**
Sumter County Public Defender's Corp.;)
Sumter County Solicitor's Office;     )
Cathern Fant, Asst. Solicitor;        )
Sumter Lee Regional Detention Center; )
and Sumter County,                    )
                                      )
         Defendants.                  )
_____)

This matter is before the Court upon the *pro se* Plaintiff's complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. The Plaintiff filed written objections to the R&R, as well as a motion to amend the complaint. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

**STANDARD OF REVIEW**

The Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made

and the basis for those objections. Id. After a review of the entire record, the R&R, and Mahaffey's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R.

## DISCUSSION

The Plaintiff, a pre-trial detainee at Sumter-Lee Regional Detention Center ("SLRDC"), filed the present § 1983 complaint against the following Defendants: the Sumter County Public Defenders Corporation; the Sumter County Solicitor's Office; Cathern Fant, the Assistant Solicitor; SLRDC; and Sumter County. In his complaint, he alleges that the Sumter County Public Defenders Corporation has failed to adequately represent him. He states that he has had at least three different attorneys since his detention and that all refuse to correspond with him, render legal aid or materials, truthfully answer legal questions, prepare cases for trial, and file legal motions. The Plaintiff appears especially concerned with his attorneys' failure to obtain a significant bond reduction and their failure to timely file a "speedy trial" motion.

Additionally, the Plaintiff asserts that the Sumter County Public Defenders Corporation and the Sumter County Solicitor's Office work together to achieve guilty pleas; he also claims that SLRDC works with both of them by preventing the detainees from obtaining legal aid. The Plaintiff does not make any specific factual allegations against Defendant Cathern Fant aside from alleging that the Sumter County Solicitor's Office "keep[s] cases out of court" for the purpose of securing guilty pleas.

Also, the Plaintiff contends that Defendant Sumter County is liable for failing to provide adequate counsel; he seems to further blame Sumter County for the court's refusal

to grant a "speedy trial" and for the setting of an allegedly "excessive" bond. The Plaintiff accuses Defendant SLRDC of opening his legal mail prior to delivery, and he claims that an SLRDC guard harassed him by planting contraband in his sleeping area.

In the R&R, the Magistrate Judge first recommends dismissal of SLRDC because it is a facility used to house prisoners and not a "person" amenable to suit under 42 U.S.C. § 1983. Next, the Magistrate Judge recommends dismissal of the Sumter County Public Defenders Corporation because an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law (as is required to state a § 1983 claim) when performing the traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-24 & nn. 8-16 (1981). Next, the Magistrate Judge recommends dismissal of Defendant Cathern Fant: first, because the Plaintiff failed to allege any facts to support a claim against her, and second, because Fant has absolute immunity insofar as her prosecutorial actions in the Plaintiff's case are concerned. Likewise, the Magistrate Judge recommends dismissal of the Sumter County Solicitor's Office based on Eleventh Amendment Immunity. Finally, the Magistrate Judge recommends dismissal of Sumter County because the Plaintiff fails to identify a policy or custom of Sumter County sufficient to support municipal liability.

In his objections to the R&R, the Plaintiff first asserts that it was not his intention to sue a building, and he asks that Defendant SLRDC be changed to Defendant Simon Major, Jr., the Director of SLRDC. The Plaintiff then rehashes his allegations against the Sumter County Public Defenders Corporation and the Sumter County Solicitor's Office, including Cathern Fant; the Plaintiff does not specifically address the Magistrate Judge's R&R with respect to these Defendants.

Subsequent to filing objections, the Plaintiff filed a motion to amend his complaint, stating, "[w]hen I filed an objection to the above action I did not realize that I must amend the complaint to add or change the defendants. May the Court through this motion, amend the above-mentioned complaint to change the Defendants to Anothney [sic] Dennis, Sheriff, Sumter County; and Simon Major, Director, SLRDC."

Thus, it appears at this point that the Plaintiff wishes to name as Defendants only Anthony Dennis, the Sheriff of Sumter County, and Simon Major, the Director of SLRDC. First, with respect to the Plaintiff's desire to name Dennis as a Defendant, a review of the Plaintiff's complaint as well as his written objections and his motion to amend indicates that the Plaintiff has utterly failed to set forth any allegations supporting a claim against Dennis. Based on the failure to set forth any allegations implicating Dennis, the Court denies the Plaintiff's request to add Dennis as a Defendant as such amendment would be futile.

Next, with respect to the Plaintiff's desire to add Major as a Defendant, it appears that the Plaintiff claims that the administration at SLRDC does not comply with SLRDC policy by refusing to answer questions and by refusing to supply the detainees with legal materials. The Plaintiff also alludes to harassment from a guard at SLRDC and claims that his legal mail is opened prior to delivery. Interestingly, a review of the Court's docket indicates that this is not the only § 1983 complaint filed by the Plaintiff. In fact, the Plaintiff has filed at least seven § 1983 complaints within the past year, and at least three of them name Major as a Defendant. In one particular complaint, Civil Action No. 3:07-806-SB-JRM, the Plaintiff asserts numerous claims against Defendant Major, including virtually

identical claims as those set forth by the Plaintiff in the present complaint.[1] For instance, in the Plaintiff's 70-page complaint in Civil Action No. 3:07-806-SB-JRM, the Plaintiff claims that SLRDC does not comply with policy, that the guards harass him, and that his legal mail is opened before delivery.[2] Because the Court finds that the Plaintiff's complaint in Civil Action No. 3:07-806 encompasses the same claims set forth by the Plaintiff in the present complaint, the Court finds that dismissal of the present complaint is warranted. The Court simply will not entertain two separate lawsuits setting forth the same claims by the same individual against the same party. The Plaintiff's request to amend his complaint to add Major as a Defendant is denied.

## CONCLUSION

Based on the foregoing, therefore, it is

**ORDERED** that the R&R is adopted, the Plaintiff's motion to amend is denied, and this matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

October 9, 2007
Charleston, South Carolina

---

[1] Like the present case, the Plaintiff in Civil Action No. 3:07-806-SB-JRM sued the Sumter-Lee Regional Detention Center and then moved to amend the complaint to add Defendant Major after the Magistrate Judge recommended dismissal of the complaint. Unlike the present case, however, the Court granted the Plaintiff's motion to amend the complaint to name Major as a Defendant in Civil Action No. 3:07-806-SB-JRM.

[2] The Plaintiff's complaint also includes numerous allegations related to the quality of the food, the telephone system, the grievance procedure, overcrowding, the room temperature, illegal searches, access to clean clothes and blankets, and access to recreation and exercise time, to name a few.